IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRADLEY LANE CROFT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-1400-D |
| | § | |
| WES KEELING, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Bradley Lane Croft ("Croft") filed a *pro se* civil rights complaint in the Western District of Texas. The case was transferred to this court. Croft later filed an amended complaint. After screening his claims, the magistrate judge entered findings of fact, conclusions of law, and a recommendation ("FCR") that the suit be dismissed without prejudice subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). The clerk of court's internal docket reflects that the FCR was mailed to the address on file for Croft on July 22, 2026, the same day the FCR was entered.

The court adopted the FCR and entered judgment on August 27, 2026. The clerk of court's internal docket reflects that the order adopting the FCR and the judgment were mailed to the address on file for Croft on the day they were entered.

On September 28, 2026 Croft filed a pleading entitled Plaintiff's Notice of Non-Receipt and Motion to Deem Objections Timely or, Alternatively, to Extend Time Under Fed. R. Civ. P. 6(b)(1)(B). In the motion, Croft alleges that he did not receive the FCR, that

he only was able to access electronic dockets for the Western District of Texas, and that he first learned of the FCR after viewing a copy on a third-party public website on September 26, 2026. Croft's motion acknowledges that, if the FCR was mailed, service would be complete on mailing under Fed. R. Civ. P. 5(b)(2)(C), and, therefore, requests as alternative relief that the court grant an extension of time to file objections based on excusable neglect under Fed. R. Civ. P. 6(b)(1)(B).

Because the clerk of court's records reflect that the FCR was mailed on July 22, 2026, and the motion was filed more than two months after the FCR was entered and more than 28 days after judgment was entered in the case, the court denies the motion.

The court will, however, construe the objections filed with Croft's motion as a motion under Fed. R. Civ. P. 60(b). The purpose of that rule "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Unit A Jan. 1981)).

"The extraordinary relief [it] afford[s] … requires that the moving party make a showing of unusual or unique circumstances justifying such relief." *Wallace v. Magnolia Family Servs., L.L.C.*, 2015 WL 1321604, at *2 (E.D. La. Mar. 24, 2015) (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985)); *see also Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) ("[R]elief under Rule 60(b) is considered an extraordinary remedy," such "that the desire for a judicial process that is predictable mandates caution in reopening judgments." (cleaned up)). Under these standards, Croft has failed to show a basis

for this extraordinary remedy. Even if the court treated his objections as properly made and subject to *de novo* review, the court's judgment would remain the same. Accordingly, the court denies Croft's motion, which it has construed as a Rule 60(b) motion.

On November 17, 2026 Croft filed a motion under Fed. R. App. P. 4(a)(6), seeking to reopen the time to file an appeal based on a claim that he did not receive the judgment within 21 days after entry. As noted above, the clerk of court's records reflect that the order adopting the FCR and judgment were mailed to the address Croft provided to the clerk of court on the date of entry: August 27, 2026. Croft has not provided the date that he allegedly learned of the entry of the judgment or any explanation regarding the steps he took to determine whether a judgment had been entered after he purportedly learned of the FCR on September 26, 2026. Instead, he only asserts that he had not received the mailed copy of the notice of entry when he filed his motion more than a month and a half after purportedly learning of the FCR.

Although Croft filed this motion under Fed. R. App. P. 4(a)(6) rather than Rule 4(a)(5), his failure to inquire further into the status of his case upon purportedly learning of the FCR in September would not meet the standard for excusable neglect. *See, e.g.*, *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1201-02 (5th Cir. 1993) (holding that Fed. R. Civ. P. 77(d) implicitly creates a duty for parties "to inquire periodically into the status of their litigation"). Given that Croft cannot meet the standard for *extending* the time to appeal, the court will not take the step of *reopening* his time to appeal. Therefore, the court denies Croft's motion to reopen the time to file an appeal.

**SO ORDERED**.

November 25, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE